CORBETT (COMMERCIAL BANK v.). See Cases Nos. 3,057 and 3,058.

---

## Case No. 3,221.

### CORBETT v. GIBSON.

[16 Blatchf. 334.] [1]

District Court, E. D. New York. May Term, 1879.

[This was an action by John J. Corbett against Horatio G. Gibson.]

---

## Case No. 3,222.

### CORBETT v. GIBSON.

[16 Blatchf. 336.] [1]

District Court, E. D. New York. May Term, 1879.

PRACTICE.

After this cause had been set down for trial at the present term, the defendant moved for an order to compel the plaintiff's attorney to furnish a sworn statement of the residence, occupation and present address of the plaintiff: *Held*, that the motion must be denied, without prejudice to other proceedings to secure the presence of the plaintiff at the trial.

[This was an action by John J. Corbett against Horatio G. Gibson.]

[For decision of a motion to strike out a subpoena duces tecum, see Case No. 3,221.]

W. Frank Severance, for plaintiff.

---

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge, and here reprinted by permission.]

Herbert G. Hull, for defendant.

BENEDICT, District Judge. This case having been set down to be tried at the present term, the defendant now moves for an order compelling the plaintiff's attorney to furnish a sworn statement of the residence, occupation and present address of the plaintiff. It is not to be doubted, that the plaintiff in whose name the action is brought is a real person, whose identity is known to the defendant. That the suit is authorized by the plaintiff is proved by the fact that the complaint is sworn to by the plaintiff personally. The moving papers contain no facts leading to the supposition that the plaintiff has died since the commencement of the suit, and such death is not suggested. The order sought is not, therefore, required for the purpose of enabling the plaintiff to be identified, or to ascertain the fact of his present existence. Neither is there any reason for the order, on the main ground upon which it is urged here, namely, to enable the defendant to examine the plaintiff previous to the trial, in accordance with the practice in the courts of the state, because no such right exists in suits in the courts of the United States. Beardsley v. Littell [Case No. 1,185]. Nor does the desire to apply for security for costs from the plaintiff, if he prove to have become a non-resident, afford ground for the order, because, the application to compel security for costs would not now be granted, a near day having been fixed for the trial of the cause, by consent of the defendant, without any intimation that security for costs was desired, although it appears that all the facts leading to a supposition that the plaintiff has become a non-resident have been known to the defendant for several months. It must, therefore, be held, that, in the present case, no sufficient ground for the order sought has been made to appear, and the motion must be denied.

In denying the motion, I do not intend to be understood to deny the right of the defendant to have the plaintiff in court at the trial. While, in most cases, no reason exists for the presence of the opposite party on the trial, in the present case it may well be that justice cannot be done without the attendance of the plaintiff, in order, among other things, that he may be examined as a witness upon the question of damages, and also in regard to his interest in the action. The present motion, although the prayer is for such other relief as may be required, can hardly be treated as an application to postpone the trial until the whereabouts of the plaintiff can be ascertained and his presence on the trial secured. That relief, if it be desired, would properly be made the subject of an application by itself, and upon different papers.

For these reasons the present motion is denied.